JESSE C. CONNOR and another *vs.* THOMAS MADDEN and another.

On a writ against two defendants, the body of one may be arrested, and the property of the other attached.

ON REPORT.

DEBT on a bond to procure the release of this defendant, Madden, from arrest on a writ in favor of these plaintiffs, and against Madden, and one Mark O'Neil.

The original action was assumpsit on a joint and several note signed by the defendants.

The mandate in the original writ was "to attach the goods and estate of Thomas Madden and Mark O'Neil, . . . and for want thereof to take the bodies of the said Thomas Madden and Mark O'Neil, the said defendants . . . and them safely keep," &c. The writ was served by attaching a house, as the property of O'Neil, and giving him a summons for his appearance, and subsequently by arresting the body of Madden, whereupon the bond in suit was given by Madden and sureties. On the back of the writ was the certificate provided in R. S., c. 113, § 2, that both defendants were about to depart and reside beyond the limits of the State, &c.

The defendants in this action contended that it was not competent for the plaintiffs, in the original suit, to cause the arrest of Madden on the original writ, they having previously attached the property of O'Neil, the other defendant, on the same writ.

If the service of the original writ was legal, judgment to be entered for the plaintiffs for the amount of their original judgment.

*D. D. Stewart,* for the plaintiffs.

*S. D. Lindsey,* for the defendants.

APPLETON, C. J. A defendant whose property has been attached on a writ against him, cannot be legally arrested on the same process. *Trafton* v. *Gardiner,* 39 Maine, 501.

In the original action in which the bond in suit was taken, there were two defendants. The property of one was attached. The other was arrested, the plaintiffs having made and subscribed the oath required by R. S., c. 113, § 2. The service on every defendant is a several service. The alternative mandate in the writ applies to each defendant where there are many. It matters not whether there be several suits against the several parties to a contract, or one suit against all. The service must be on each. It is nothing to one defendant that the property of a co-defendant has been attached. He is not thereby exempt from arrest.

The bond is valid. *Judgment for plaintiffs for the amount of the original judgment, and interest.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.